**NOT FOR PUBLICATION**                                                                                       **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

JUNE WISNIEWSKI                                                  :
                                                                 :
                Plaintiff,       :
                                                                 : Civil Case No. 09-2998 (FSH)
      v.                                                 :
                                                                 : **OPINION & ORDER**
TRAVELERS CASUALTY AND SURETY CO.,                               :
JAN WISNIEWSKI, Executor of the Estate of Joe                    : Date: February 1, 2010
(Joseph) Wisniewski, Jr., deceased, former                       :
Administrator of the Estate of Joseph Wisniewski,                :
Sr., WALTER A KIPP III, Attorney, and UNION
COUNTY SURROGATE with Surrogate James
LaCorte as the Official Representative of the Union
County Surrogate's Court,
                Defendants.

---

**HOCHBERG, District Judge**

This matter having come before the Court on Defendants Travelers Casualty and Surety Co., Jan Wisniewski, and Walter A. Kipp III's Motion to Dismiss pro se Plaintiff Wisniewski's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),[1] on the grounds that

---

[1] Motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim result in a determination on the merits at an early stage of a plaintiff's case. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). As a result, "plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn." *Id.* In order to survive a 12(b)(6) motion to dismiss, "[t]he plaintiff must allege facts sufficiently detailed to 'raise a right to relief above the speculative level,' and must 'state a claim to relief that is plausible on its face.'" *Pronational Ins. Co. v. Shah*, No. 07-1774, 2007 WL 2713243, *1 (E.D. Pa. Sept. 17, 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). At this stage, the Court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Haspel v. State Farm Mut. Auto. Ins. Co.*, No. 06-3716, 2007 WL 2030272 at *1 (3d Cir. July 16, 2007) (quoting *Twombly*, 127 S. Ct. at 1969).

Plaintiff's claims are barred by the doctrines of collateral estoppel and *res judicata*;[2] and this Court having reviewed the parties' written submissions pursuant to Fed. R. Civ. P. 78; and

    it appearing that in the instant action Plaintiff brings claims for breach of contract on a surety bond and violation of the terms of a surety bond guaranteeing the administration of her late father's estate; and

    it appearing that Plaintiff first litigated claims regarding the distribution of her father's estate in New Jersey Probate court proceedings (both to settle the estate and to adjudicate the exception that she filed to the first and final accounting of the estate) in 1991 and 1992;[3] and

    it appearing that a trial was held by the Hon. John M. Boyle P.J.Ch. in 1992 and rulings were issued on September 9, 1992 to settle the estate;[4] and

    it appearing that Plaintiff appealed Judge Boyle's decision and the New Jersey Superior Court Appellate Division affirmed Judge Boyle's decision regarding Plaintiff's claims on July 20, 1994;[5] and

    it appearing that Plaintiff signed a settlement agreement with her brother Joseph

---

[2] "The affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion 'when all of the relevant facts are shown by the court's own records.'" *Freeman v. Sikorsky Aircraft Corp.*, 151 F. App'x 91, 92 (2d Cir. 2005) (quoting *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir. 1992)).

[3] *In re the Estate of Joseph Wisniewski, Sr., Deceased*, No. J-1733 (N.J. Super. Ct. Ch. Div.). Complaint to settle account filed April 26, 1991. Ms. Wisniewski's exceptions to the accounting were filed on September 4, 1991.

[4] *In re the Estate of Joseph Wisniewski, Sr., Deceased*, No. J-1733 (N.J. Super. Ct. Ch. Div. Sept. 9, 1992).

[5] *In re the Estate of Joseph Wisniewski, Sr., Deceased*, No. A-755-92 (N.J. Super. Ct. App. Div. July 20, 1994). The Court found the accounting of the estate, which Ms. Wisniewski was challenging, to be "legally unexceptionable." *Id.*, slip op. at 3. The Court also reversed and remanded on cross-claims filed by Ms. Wisniewski's brother, the administrator of the estate, regarding the issuance of attorneys' and other fees to Ms. Wisniewski in the case.

Wisniewski, Jr. on January 7, 1995 to accept $55,154.91 and release and discharge her brother from all claims as a final distribution of the estate; and

it appearing that Plaintiff then filed a motion to reopen the probate case and enforce Judge Boyle's September 9, 1992 judgment, seeking $127,300 plus interest from her father's estate;[6] and

it appearing that this motion was denied by Judge Boyle on May 12, 1995, and that decision was affirmed by the Appellate Division on October 22, 1996, but the Appellate Division also remanded for an evidentiary hearing on Plaintiff's claim of lack of capacity to enter into the settlement agreement with her brother;[7] and

it appearing that in that remanded proceeding, Plaintiff did not file the documents required by the scheduling order, did not appear for her deposition, and did not appear for a scheduled hearing in June of 1997 and therefore Judge Boyle dismissed the evidentiary hearing in July of 1997;[8] and

---

[6]*In re the Estate of Joseph Wisniewski, Sr., Deceased*, No. J-1733 (N.J. Super. Ct. Ch. Div.).  Plaintiff filed the motion April 28, 1995.

[7] *In re the Estate of Joseph Wisniewski, Sr., Deceased*, No. J-1733 (N.J. Super. Ct. Ch. Div. May 12, 1995). *In re Estate of Joseph Wisniewski, Sr.*, No. A-6009-94 (N.J. Super. Ct. App. Div. Oct. 22, 1996). Plaintiff asserted in these proceedings that she had been blackmailed and threatened by her brother's attorney and signed the settlement agreement under duress.  Plaintiff has asserted both in those proceedings and in the instant action that she has contacted the FBI about her concerns.

[8]A guardian ad litem was appointed to assist Ms. Wisniewski in the remanded proceedings, but she failed to appear or present any proof to the court. *In re the Estate of Joseph Wisniewski, Sr., Deceased*, No. J-1733, Order Appointing Guardian Ad Litem (N.J. Super. Ct. Ch. Div. Dec. 17, 1996). In his Order dismissing the evidentiary hearing, Judge Boyle included a clause that stated "and it is further ORDERED sua sponte that the plaintiff be and is barred, restrained and enjoined from filing any law suit in the State of New Jersey without the express permission of this Court."  *In re the Estate of Joseph Wisniewski, Sr., Deceased*, No. J-1733, Order Dismissing Evidentiary Hearing (N.J. Super. Ct. Ch. Div., July 8, 1997).

it appearing that Plaintiff, through her guardian ad litem, did not appeal the dismissal; and

it appearing that Plaintiff then filed a suit in federal district court for the District of Nevada against over twenty defendants, including all of the named defendants in the instant action (except for Travelers Casualty and Surety Co.), but that action was dismissed for lack of personal jurisdiction and *res judicata* because the claims regarding the disbursement of her father's estate had already been finally adjudicated in New Jersey state court;[9] and

it appearing that the appeal of this decision to the Ninth Circuit Court of Appeals was denied and certiorari the U.S. Supreme Court was also denied in April of 2000;[10] and

it appearing that seven years later, in 2007, after the death of her brother, Plaintiff filed new proceedings in the New Jersey state probate court action to become substitute administrator of her father's estate; and

it appearing that in that proceeding on January 17, 2008 (with an additional order denying reconsideration issued February 14, 2008), Hon. John Malone J.S.C. dismissed the complaint because there was no new information upon which to re-open the case and also specifically discharged the surety bond held by Travelers in security of the administration of the estate;[11] and

it appearing that Plaintiff's appeal of Judge Malone's decision and Plaintiff's motion seeking remand in order to add Travelers Casualty and Surety Co. as a party and further litigate

---

[9] *Wisniewski v. Ann P. Conti, Surrogate, et al.*, No. 97-308 (D. Nev. May 28, 1998).

[10] *Wisniewski v. Ann P. Conti, Surrogate, et al.*, No. 98-16290 (9th Cir. Jul. 14, 1999); *Wisniewski v. Ann P. Conti, Surrogate, et al.*, No. 99-7781 (U.S. Apr. 17, 2000).

[11] *In re the Estate of Joseph Wisniewski, Sr.*, No. J-1733 (N.J. Super. Ct. Ch. Div. Jan. 17, 2008) (stating that the Plaintiff's Order to Show Cause was Denied and "Travelers Casualty and Surety Company is hereby released and discharged from any and all past, present and future liability under the surety bond."); *In re the Estate of Joseph Wisniewski, Sr.*, No. J-1733, Order Denying Motion for Reconsideration (N.J. Super. Ct. Ch. Div. Feb. 14, 2008).

the surety bond issue were both denied by the Appellate Division on June 3, 2009 because her claims in that action were the same claims that she had litigated in 1994 and "Plaintiff ha[d] presented no meritorious basis upon which to reopen the probate litigation;"[12] and

it appearing that in New Jersey, a claim is precluded by collateral estoppel if "(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding;"[13] and

it appearing that "[t]he doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought. *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007) ... Both New Jersey and federal law apply *res judicata* or claim preclusion when three circumstances are present: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.' *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991));"[14] and

it appearing that Ms. Wisniewski's claims regarding the accounting of her father's estate, which was the subject of the surety bond, have been finally adjudicated on the merits as the

---

[12] *In the Matter of the Estate of Joseph Wisniewski, Sr.*, No. A-3074-07, slip op. at 6 (N.J. Super. Ct. App. Div. Jun. 3, 2009).

[13] *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

[14] *Id.* (emphasis added).

central issue in the state court proceedings;[15] and

it appearing that Ms. Wisniewski has no new, non-precluded cognizable claim for breach of contract against Travelers Casualty and Surety Co. or any of the other named defendants[16] because all of the facts she asserts and the claims she makes in the instant action relate to a surety bond that was specifically determined to be discharged in the previous 2007 probate court proceeding and, further, are inextricably tied to the administration and disbursement of her father's estate, which has also been finally adjudicated;[17] and

---

[15] Plaintiff has not presented any evidence of new acts or discoveries that have occurred since the most recent probate court action regarding these claims. While Plaintiff includes argument regarding the statute of limitations and equitable tolling in her brief, the fact that she may have claims that are still within the statute of limitations does not bear on whether her claims in the instant action are precluded by her previous lawsuits on the same issues.

[16] While Defendant Union County Surrogate's Office has not joined in this motion and it is unclear from the record in this case whether they have even been served, for the same reasons stated herein with regard to all of the other defendants, any claim against the Union County Surrogate's Office regarding the proper distribution of Ms. Wisniewski's father's estate has been finally adjudicated in prior proceedings and is barred.

[17] While Travelers Casualty and Surety Co. was not a named party to any of the previous actions, the majority of the previous actions were probate proceedings in which there were no named parties. All of the named parties in this action were certainly "involved" in the previous suits on the same causes of action such that they meet the test for *res judicata* and Ms. Wisniewski, as evidenced by her extensive litigation efforts in these matters, was clearly a party to the previous probate proceedings for purposes of collateral estoppel. Travelers Casualty and Surety Co. appeared at the 2007 probate court litigation and requested adjudication on the discharge of the surety bond in that proceeding. Ms. Wisniewski pled claims directly relating to the surety bond in her appeal of that 2007 probate court decision and there was a final adjudication on those claims.
Further, in Plaintiff's December 17, 2009 submission on Diversity Jurisdiction and Dollar Amount in Controversy in the instant action, Plaintiff states that she is "looking for a determination by this court to decide that Plaintiff is an equal heir by law, entitled to fifty percent of the actual estate in cash. Plaintiff also requests that TRAVELERS, representing the $350,000 surety bond, be required to pay out the money due to the Plaintiff as an actual equal heir by law..." and in Plaintiff's Brief in Opposition to Motion to Dismiss, she states "Plaintiff's main claim is that she still has money/assets due and owing to her that she has not yet received, still within the statute of limitations."
No matter how Plaintiff frames her claims in the complaint, her contract claims in this

it appearing as a matter of law that all of Plaintiff's claims in the instant action are precluded by the doctrines of collateral estoppel or *res judicata*;

**IT IS** on this 1st day of February, 2010,

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**; and it is further

**ORDERED** that this case is **CLOSED**.

                                                **/s/ Faith S. Hochberg**
                                                Hon. Faith S. Hochberg, U.S.D.J.

---

action (regarding how her brother entered into the surety bond contracts when he was named the administrator of their father's estate) are the same claims that she has litigated in the past to re-open the original estate proceedings and re-adjudicate the distribution of assets that was finally adjudged in 1994.  Any additional claims against the attorney for her brother or the surrogate's office, although not pled in the instant action, were directly at issue in the 1996 and 1997 proceedings.  Plaintiff has been afforded her day in court on all of her claims.